**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAMARA GREEN, THERESE SERIGNESE and LINDA TRAITZ,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM H. COSBY, JR.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 2:16-mc-00002-AB |

**[PROPOSED] ORDER**

AND NOW, this _____ day of _____, 2016, upon consideration of the Motion to Intervene of Non-Party American Media, Inc. (the "Motion"), the Court hereby ORDERS that the Motion is GRANTED and directs the Clerk to docket the Motion to Quash or Modify attached as Exhibit A to the Motion.

BY THE COURT:

_____
J.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAMARA GREEN, THERESE SERIGNESE and LINDA TRAITZ,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM H. COSBY, JR.,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | C.A. No. 2:16-mc-00002-AB |

**MOTION TO INTERVENE OF NON-PARTY**
**AMERICAN MEDIA, INC.**

American Media, Inc. ("AMI") moves to intervene as a non-party in the above-captioned miscellaneous action as of right under Federal Rule of Civil Procedure 24(a)(2) or, alternatively, by permission under Rule 24(b)(1)(B).

As more fully set forth in the accompanying Memorandum of Law, AMI moves to intervene for the limited purpose of seeking the Court's permission to file a short motion to quash or modify in only a narrow fashion the December 2, 2015 subpoena issued in the Massachusetts action captioned *Green, et al. v. Cosby*, No. 3:14-cv-30211-MGM (D. Mass.) (the "Massachusetts Action"); the Motion to Quash or Modify simply seeks the redaction of any information reflecting the amount paid by AMI to Ms. Constand under the Confidential Settlement Agreement in *Constand v. Cosby,* No. 2:05-cv-0199-ER (E.D. Pa.). That information is private and confidential and is irrelevant to the Massachusetts Action. AMI's proposed Motion to Quash or Modify is attached hereto as Exhibit A.

WHEREFORE, AMI respectfully requests that the Court grant its Motion to Intervene and order that the Motion to Quash or Modify attached as Exhibit A be docketed in this matter.

Dated:  February 5, 2016

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

By: /s/ Daniel Segal
    Daniel Segal
    Dina L. Grove
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 496-7003 (telephone)
(215) 568-0300 (facsimile)
dsegal@hangley.com
dgrove@hangley.com

*Attorneys for Non-Party Intervenor*
*American Media, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TAMARA GREEN, THERESE SERIGNESE and LINDA TRAITZ, | : : : | C.A. No. 2:16-mc-00002-AB |
| Plaintiffs, | : : | |
| v. | : : | |
| WILLIAM H. COSBY, JR., | : : | |
| Defendant. | : : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE
OF NON-PARTY AMERICAN MEDIA INC.**

**I.  INTRODUCTION**

American Media, Inc. ("AMI") moves to intervene as a non-party in this Miscellaneous Matter for the limited purpose of filing a motion to quash or modify in only a narrow fashion the subpoena issued in the Massachusetts action captioned *Green, et al. v. Cosby*, No. 3:14-cv-30211-MGM (D. Mass) ("the Massachusetts Action"); the Motion to Quash or Modify simply seeks the redaction of any information reflecting the amount paid by AMI to Ms. Constand under the Confidential Settlement Agreement in *Constand v. Cosby*, No. 2:05-cv-01099-ER (E.D. Pa.). The settlement amount, explicitly protected as confidential under the Confidential Settlement Agreement, has no relevance to either the Massachusetts Action or to whether and how the contents of the case file sought by the subject subpoena (the "Subpoena") is protected by the Confidential Settlement Agreement.  Except as to information reflecting the AMI settlement amount, AMI takes no position on the Subpoena, especially on the pending Motion to Quash of Defendant William H. Cosby, Jr.

AMI should be permitted to intervene as a non-party in this action, either as a matter of right under Federal Rule of Civil Procedure 24(a) or permissively under Rule 24(b); the requirements of those rules are easily satisfied. AMI has a protected privacy interest in the information reflecting the settlement amount it paid and the Subpoena affects AMI's interest by seeking documents reflecting this amount. Moreover, AMI's limited intervention will not delay the matter or prejudice the parties, because briefing on Mr. Cosby's Motion to Quash is ongoing, and this Court has issued no substantive rulings in the matter. Finally, unless AMI is permitted to intervene for this limited purpose, AMI's interest will not be adequately protected; none of the parties to the Miscellaneous Matter shares AMI's interest in protecting information reflecting the amount it paid.

## II.  BACKGROUND

### A.  The *Constand v. Cosby* Action And Confidential Settlement Agreement

AMI is the owner and operator of a number of leading celebrity and health & fitness media brands, including the National Enquirer. *See* Declaration of Cameron Stracher ("Stracher Decl.") ¶ 1, attached as Exhibit B. In 2006, Andrea Constand filed a complaint against the National Enquirer and Mr. Cosby's attorney, Martin Singer, for defamation and false light/invasion of privacy (the "*Constand v. Singer* Action"). *See Constand v. Singer, et al.*, No. 06-cv-00483-ER (E.D. Pa. Dkt. 1). The *Constand v. Singer* Action was consolidated with a lawsuit Ms. Constand had previously filed in March 2005 against Mr. Cosby (all collectively, the "*Constand v. Cosby* Action").

In October 2006, the parties to the *Constand v. Cosby* Action, including Ms. Constand, Mr. Cosby, Mr. Singer, AMI, Ms. Constand's parents, and counsel for the parties (including Ms. Constand's attorney Ms. Troiani) entered into a Confidential Settlement Agreement. *See* Stracher Decl. ¶ 5. The Confidential Settlement Agreement requires, among other things, that

each party maintain the confidentiality of the Confidential Settlement Agreement. In particular, the agreement provides in relevant part as follows:

> CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel acknowledge COSBY's, SINGER's, and AMERICAN MEDIA's interests in not permitting others … to … know … the terms of this Confidential Settlement Agreement and General Release…. They also acknowledge that CONSTAND, COSBY, SINGER, and AMERICAN MEDIA enter into this Confidential Settlement Agreement and General Release to protect those interests….
>
> CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel agree not to disclose this Confidential Settlement Agreement and General Release or any of its terms or conditions ….

*See* Stracher Decl. ¶ 5. The Confidential Settlement Agreement further acknowledges that "no amount of monetary relief could repair the harm" caused by a violation of the confidentiality provisions. *Id*. As provided in the Agreement, the confidentiality provisions were a material inducement to each of the parties to enter into it and AMI relied on those provisions in agreeing to enter into it. *Id*. In November 2006, the Court dismissed with prejudice both the *Constand v. Cosby* and *Constand v. Singer* Actions. *See Constand v. Cosby*, No. 05-cv-01099-ER (E.D. Pa. Dkt. 96); *Constand v. Singer, et al.*, No. 06-cv-00483-ER (E.D. Pa. Dkt. 36). The Confidential Settlement Agreement was never filed with or approved by the Court.

AMI has not been involved in any litigation involving Mr. Cosby or Ms. Constand since the *Constand v. Cosby* Action was dismissed. *See* Stracher Decl. ¶ 7. In particular, AMI is not a party in the Massachusetts Action.

### B. AMI Learns About The December 2, 2015 Subpoena

On January 28, 2016, AMI learned for the first time about the December 2, 2015 subpoena directed to Ms. Troiani, Ms. Constand's counsel in *Constand v. Cosby*, seeking her

3

entire case file for the *Constand v. Cosby* Action.  *See Id.* ¶ 2-3.  Upon learning this information, general counsel for AMI spoke with counsel for Mr. Cosby and, on February 2, 2016, retained counsel to protect AMI's interest.  *Id.* ¶ 4.  AMI also informed the Court and parties in the Miscellaneous Matter of its intention to file a limited Motion to Intervene and to seek the Court's permission to file an accompanying Motion to Quash only as to information reflecting the settlement amount paid by AMI to Ms. Constand.  *See* Letter from Daniel Segal to Hon. Anita Brody (February 3, 2016), attached as Exhibit C.

### III.   ARGUMENT

#### A.   American Media, Inc. Is Entitled To Intervene As A Matter Of Right

Federal Rule of Civil Procedure 24(a)(2) governs motions to intervene as of right. The Rule provides in relevant part as follows:

> On timely motion, the court must permit anyone to intervene who
> … claims an interest relating to the property or transaction that is
> the subject of the action, and is so situated that disposing of the
> action may as a practical matter impair or impede the movant's
> ability to protect its interest, unless existing parties adequately
> represent that interest.

Fed. R. Civ. P. 24(a)(2).  In the Third Circuit, intervention as a matter of right under Rule 24(a)(2) is available if the prospective intervenor establishes that: "(1) the application for intervention is timely; (2) the applicant has a sufficient interest in the litigation; (3) the interest may be affected or impaired, as a practical matter, by the disposition of the action; and (4) the interest is not adequately represented by an existing party in the litigation." *Benjamin ex rel. Yock v. Dep't of Pub. Welfare of Pa.*, 701 F.3d 938, 948 (3d Cir. 2012).  All four factors are satisfied here.

### 1.      AMI's Motion For Intervention Is Timely

In considering timeliness, the Third Circuit makes clear that "the critical inquiry is: what proceedings of substance on the merits have occurred?" *Mt. Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995). The proceedings in this matter are in an early stage and AMI's intervention will not cause the parties any delay. The Court has issued no rulings on the substance of the merits; as a miscellaneous action, the only "merits" subject in this case is the enforceability of the Subpoena. Indeed, the parties are still briefing Mr. Cosby's Motion to Quash, briefing that, under this Court's January 26, 2016 Order, will not be completed until February 19, 2016. AMI's intervention, for the limited purpose of protecting the confidentiality of the amount it paid under the settlement agreement, will not disrupt or delay this schedule or the Court's consideration of the already pending motion. Thus, the simple response to the "critical inquiry" mandated by the Third Circuit on the issue of the timeliness of this Motion is that no proceedings of substance on the merits have occurred.

Moreover, AMI has not delayed in filing this motion. While the Subpoena was issued on December 2, 2015, AMI first learned about it on January 28, 2016. AMI promptly retained counsel and informed the Court and parties to the Miscellaneous Matter of its intention to file this Motion and the accompanying Motion to Quash or Modify.[1] AMI has brought this motion eight days after learning that its interests were at stake in this matter. This is plainly timely. *See, e.g.*, *City of Sterling Heights Gen. Employees' Ret. Sys. v. Prudential Fin., Inc.*, No. 12-5275, 2015 WL 1969368, at *7 (D.N.J. Apr. 30, 2015) (intervention is timely when filed "a mere two weeks" after intervenor learned that intervention was required); *Thompson v. Horsham Twp.*, No.

---

[1] AMI has continued to act quickly in protecting its interests in filing this motion. Although AMI's letter to the Court said that AMI would file no later than Monday, February 8, 2016, AMI is filing this motion on Friday, February 5, 2016.

07-5255, 2008 WL 2389258, at *2 (E.D. Pa. June 10, 2008) (intervention is timely when brought about three months after the complaint was filed).

### 2. AMI Has A Protected Privacy Interest In The Subject Of This Action Which Will Be Affected By Disposition Of This Matter

The second and third elements for intervention as of right require the intervenors to have protected interest in the litigation and for there to be a sufficient threat to that interest. Because no "precise and authoritative definition of the interest that satisfies Rule 24(a)(2)" exists, *Kleissler v. U.S. Forest Serv.*, 157 F.3d 964, 969 (3d Cir. 1998), "Rule 24 demands flexibility when dealing with the myriad situations in which claims for intervention arise." *Id*. at 972. A sufficient interest exists when "the claimed interest in the litigation ... is specific to those seeking to intervene, is capable of definition, and will be directly affected in a substantially concrete fashion by the relief sought." *Benjamin*, 701 F.3d at 951. "Proposed intervenors … are entitled to intervene as to specific issues so long as their interest in those issues is significantly protectable." *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 368 (3d Cir. 1995).

Courts in this Circuit have regularly permitted intervention by nonparties to protect their interest in information sought by subpoenas to others. In *City of Sterling Heights General Employees' Retirement System v. Prudential Financial, Inc.*, No. 12-5275, 2015 WL 1969368 (D.N.J. April 30, 2015), securities class action plaintiffs subpoenaed documents from a non-party auditor previously retained by the defendant. Following the Court's order upholding the subpoena, the Court permitted a non-party to intervene in the matter "for the limited purpose of asserting its various privilege rights" as to documents held by the auditor. *Id.* at *7; *see also N.L.R.B. v. Frazier*, 144 F.R.D. 650, 656 (D.N.J. 1992) (permitting intervention by non-party union because it was required to bear the costs of deposition subpoena served in the action); *In re*

6

*Grand Jury*, 111 F.3d 1066 (3d Cir. 1997) (citing case where courts permitted third parties to intervene in order to move to quash grand jury subpoenas directed to others).

The instant motion easily satisfies the second and third elements of the intervention as of right test.  AMI has a protected interest in the privacy and confidentiality of the amount it paid to settle the *Constand v. Cosby* Action and this interest is affected by the disclosure of this information called for by the Subpoena as it stands now.  The Court of Appeals for the Third Circuit and courts in this Circuit have repeatedly recognized the privacy interest that private litigants have in confidential settlement agreements.  *See, e.g.*, *LEAP Systems, Inc., v. MoneyTrax, Inc.*, 638 F.3d 216, 222 (3d Cir. 2011) (describing as "significant" party's privacy interest in confidentiality of settlement terms); *In re Flat Glass Antitrust Litig.*, No. 11-658, 2013 WL 1703864, at *1 (W.D. Pa. Apr. 19, 2013) (imposing higher standard on party seeking discovery of a confidential settlement agreement); *Doe v. Methacton Sch. Dist.*, 164 F.R.D. 175, 176 (E.D. Pa. 1995) (same).

Here, the Confidential Settlement Agreement explicitly protects the terms of the settlement agreement, which include the amount AMI paid.  As noted above, the agreement states:

> CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel acknowledge … AMERICAN MEDIA's interests in not permitting others … to … know … the terms of this Confidential Settlement Agreement and General Release….  They also acknowledge that … AMERICAN MEDIA enter[s] into this Confidential Settlement Agreement and General Release to protect those interests….
>
> CONSTAND, COSBY, SINGER, AMERICAN MEDIA, GIANNA CONSTAND, ANDREW CONSTAND, and their undersigned counsel agree not to disclose this Confidential Settlement Agreement and General Release or any of its terms or conditions ….

The Confidential Settlement Agreement further acknowledges that "no amount of monetary relief could repair the harm" caused by a violation of the confidentiality provisions.

Ms. Troiani's case file likely includes not only the Confidential Settlement Agreement but also information reflecting the negotiation of the confidential amount ultimately paid by AMI to Ms. Constand to settle the matter. Without intervening in this Miscellaneous Matter, AMI has no ability to protect that private and confidential information from disclosure. AMI should be permitted to intervene to protect its interest.

### 3. The Existing Parties Cannot Adequate Represent AMI's Protected Privacy Interest

Finally, the existing parties cannot adequately represent AMI's interest. The plaintiffs in the Massachusetts Action are actively seeking to obtain Ms. Troiani's case file. Mr. Cosby has moved to quash or limit the Subpoena, but has not objected to disclosing the dollar amounts paid by AMI. Moreover, Mr. Cosby has no reason to protect AMI's interest in preventing disclosure of information showing AMI's payment. There is therefore no adequate protection of AMI's privacy interest in the settlement amount unless AMI is permitted to intervene in this matter for the limited purpose of protecting that interest.

### B. Alternatively, Permissive Intervention Should Be Granted Under Rule 24(b)

Permissive intervention requires only "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The rule requires a court to consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). AMI satisfies these requirements.

AMI's intervention in this matter for the limited purpose of protecting the private and confidential settlement amount it paid shares common questions of law and fact with Mr.

8

Cosby's Motion to Quash which is the substance of this Miscellaneous Matter.  Both concern the Subpoena and the protection afforded by the Confidential Settlement Agreement.[2]

In addition, as explained above, granting AMI's motion to intervene will neither delay nor prejudice the parties in the Miscellaneous Matter.  AMI's motion is timely and will not interfere with the current briefing schedule.

## IV. CONCLUSION

For the foregoing reasons, AMI respectfully requests the Court to allow it to intervene as a non-party in this action as of right under Rule 24(a)(2) or, alternatively, permissively under Rule 24(b)(1)(B).  It further requests the Court to direct the Clerk to docket the accompanying Motion to Quash or Modify as to information reflecting AMI's settlement payment under the Confidential Settlement Agreement.

Dated:  February 5, 2016

Respectfully submitted,

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER

By: /s/ Daniel Segal
    Daniel Segal
    Dina L. Grove
One Logan Square, 27th Floor
Philadelphia, PA 19103
(215) 496-7003 (telephone)
(215) 568-0300 (facsimile)
dsegal@hangley.com
dgrove@hangley.com

*Attorneys for Non-Party Intervenor*
*American Media, Inc.*

---

[2] Of course, AMI is seeking a much narrower limitation on the Subpoena than Mr. Cosby.